## MATTER OF MAN

### In Visa Petition Proceedings

### A-21080157

*Decided by Board June 29, 1978*

A concubine (*tsip*) cannot derive an immigration benefit through children born to her "husband" and his principal wife, and a visa petition by the "child" in behalf of the claimed "stepmother" will be denied since the sole relationship between the parties is the polygamous "marriage."

ON BEHALF OF PETITIONER:  Seymour Magier, Esquire
Blecher & Mendel
1501 Broadway, Suite 1610
New York, New York 10036

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The United States citizen petitioner applied for immediate relative status for the beneficiary as her stepmother under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. 1151(b). In a decision dated October 31, 1977, the District Director denied the petition on the ground that the petitioner had not established that her father married the beneficiary. The District Director certified his decision to us for review. We will affirm the District Director's decision.

The beneficiary is a 49-year-old native of China who resides in Hong Kong. The petitioner is a 30-year-old native of Hong Kong who was naturalized in 1975. The petitioner filed a visa petition on behalf of the beneficiary on March 2, 1976.

The petitioner's natural parents were married in Hong Kong in 1946. Four female children were born to them between 1947 and 1956, including the petitioner. According to affidavits executed by the petitioner, her natural mother, and other close relatives, the petitioner's father brought the beneficiary into the household in 1957, as a concubine or secondary wife, for the purpose of producing a male heir. The affidavits indicate also that the beneficiary was still in the household in 1965, when the petitioner's father died, and in 1968, when the petitioner's natural mother immigrated to the United States.

On appeal, the petitioner claims that the beneficiary was her father's concubine and had the status of a secondary wife (*tsip*) within the meaning of *Matter of Kwong*, Interim Decision 2387 (BIA 1975). The

543

petitioner argues, therefore, that the children born to her father and the beneficiary are legitimate [1] and that they are her siblings for immigration purposes. *Matter of Kwan*, 13 I. & N. Dec. 302 (BIA 1969). The petitioner claims, moreover, that she lived in the same household with the beneficiary in a true mother-daughter relationship. The petitioner concludes, therefore, that the beneficiary is her stepmother.

In visa petition proceedings, the burden is on the petitioner to establish eligibility for the benefits sought. *Matter of Brantigan*, 11 I. & N. Dec. 493 (BIA 1966). If a petition is submitted on behalf of the stepparent under section 201(b) of the Act, the petitioner's birth certificate and the marriage certificate of his parent and the stepparent must accompany the petition, as well as proof of the legal termination of their prior marriages, if any. 8 C.F.R. 204.2(c)(1) and (5).

The petitioner in this case has not submitted a marriage certificate to establish that her father married the beneficiary. She has, however, submitted affidavits which indicate that her father brought the beneficiary into his household in 1957, as a concubine with secondary wife (*tsip*) status, and that such relationships are considered marriages under the law of Hong Kong. It is apparent, moreover, that children born to the husband and his secondary wife (*tsip*) have been considered legitimate for immigration purposes.[2] It has never been held, however, that the secondary wife can derive or bestow immigration benefits through children born to the husband and his principal wife. In such instances, the sole relationship between the parties would be through the concubine "marriage," which is polygamous. See *Matter of G—*, 6 I. & N. Dec. 9 (BIA 1953). We are satisfied that Congress did not intend to accord preference status on the basis of such relationships in view of the clear disfavor it expressed towards polygamy by excluding polygamists from entry into the United States under section 212(a)(11) of the Act, 8 U.S.C. 1182(a)(11).[3]

We conclude, therefore, that the District Director's decision is correct. The decision, accordingly, will be affirmed.

ORDER: The decision of the District Director is affirmed.

---

[1] The record indicates that four children were born to the petitioner's father and the beneficiary.

[2] Recognition of these children as being legitimate for immigration purposes does not imply approval of the institution of concubinage, or make any change in the law regarding concubinage. *Matter of K—W—S—*, 9 I. & N. Dec. 396 (A.G. 1961).

[3] SEC. 212.(a) Except as otherwise provided in this Act, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:

(11) Aliens who are polygamists or who practice polygamy or advocate the practice of polygamy;

544